NOT DESIGNATED FOR PUBLICATION

No. 115,589

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LARRY JAY COMSTOCK,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; CHERYL KINGFISHER. Opinion filed March 3, 2017.
Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Kendall Kaut*, assistant district attorney, *Chadwick J. Taylor*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., MALONE, J., and STUTZMAN, S.J.

*Per Curiam*:  Larry Jay Comstock appeals the district court's imposition of lifetime postrelease supervision. In July 2010, Comstock was charged with five counts of sexual exploitation of a child after the FBI seized his computer which contained pornographic images of children. The State later amended the complaint to electronic solicitation of a child and three counts of sexual exploitation of a child. The parties reached a plea agreement which resulted in Comstock entering an *Alford* plea to the amended charges in March 2011. Before his sentencing, Comstock moved to dismiss his court-appointed attorney. The district court denied Comstock's motion in September 2011 and sentenced him to a controlling prison term of 240 months with lifetime postrelease supervision.

1

On appeal, a panel of this court held the district court erred in denying Comstock's motion, vacated his sentence, and remanded for resentencing. *State v. Comstock*, No. 107,467, 2013 WL 1234224, at *4 (Kan. App. 2013) (unpublished opinion). On remand, Comstock withdrew his original plea and pled no contest to the further amended charges of attempted sexual exploitation of a child and three counts of sexual exploitation of a child.

At his sentencing hearing in August 2014, Comstock, a first-time offender with no criminal history, argued that the imposition of lifetime postrelease supervision was unconstitutional based on *State v. Proctor*, 47 Kan. App. 2d 889, 280 P.3d 839 (2012), *rev'd and remanded by* Supreme Court order June 19, 2013; see *State v. Proctor*, No. 104,699, 2013 WL 6726286 (Kan. App. 2013) (unpublished opinion). The district court rejected this argument, sentenced Comstock to a controlling prison term of 209 months, and ordered lifetime postrelease supervision. Comstock's appeal of the imposition of lifetime postrelease supervision brings the matter before us.

This court issued a show-cause order asking Comstock why his case was not controlled by *State v. Williams*, 298 Kan. 1075, 319 P.3d 528 (2014), and, in turn, why his appeal should not be summarily affirmed under Supreme Court Rule 7.041 (2017 Kan. S. Ct. R. 47). Comstock responded that *Williams* did not control because it did not involve a first-time attempted sex offender such as Comstock. We retained the appeal but now, on further review, conclude that Comstock's case is legally indistinguishable from *Williams* and should be affirmed.

Comstock argues that lifetime postrelease supervision for his crimes constitutes a cruel and unusual punishment under the Eighth Amendment to the United States Constitution. He confines his Eighth Amendment claim to a categorical proportionality challenge. As such, his claim raises only a question of law over which we have unlimited review. See *State v. Mossman*, 294 Kan. 901, 925, 281 P.3d 153 (2012).

2

In *Williams*, the defendant pled guilty to sexual exploitation of a child. The district court imposed lifetime postrelease supervision. On appeal, Williams argued the imposition of lifetime postrelease supervision was "unconstitutionally disproportionate as applied to first-time offenders over age 18 convicted of crimes involving possession of pornographic images of a person under age 18." 298 Kan. at 1086. Our Supreme Court rejected Williams' argument and held: "Lifetime postrelease supervision for a first-time offender over age 18 convicted of sexual exploitation of a child for crimes involving possession of pornographic images of children under age 18 is not categorically disproportionate under the Eighth Amendment." 298 Kan. 1075, Syl. ¶ 8.

Comstock contends *Williams* was wrongly decided. But *Williams* is a decision by our Supreme Court, and we are duty bound to follow it absent some indication that the court is departing from it. *State v. Belone*, 51 Kan. App. 2d 179, 211, 343 P.3d 128, *rev. denied* 302 Kan. 1012 (2015). We find no such indication, and Comstock does not point to one. Thus, we are duty bound to follow *Williams*.

In order to factually distinguish his case from *Williams*, Comstock points out that one of his convictions was for an attempted crime rather than a completed one. (He ignores the fact that he also pled to three counts of the completed crime of sexual exploitation of a child.) In any event, we have rejected the contention that the "attempt" nature of a conviction changes the categorical proportionality analysis provided in *Williams*. See *State v. Reed*, 51 Kan. App. 2d 107, 112-13, 341 P.3d 616 (2015) (attempted aggravated indecent liberties with a child is subject to lifetime postrelease supervision), *rev. denied* 304 Kan. 1021 (2016); *State v. Hindman*, No. 110,261, 2014 WL 5312925, at *6-7 (Kan. App. 2014) (unpublished opinion) (attempted indecent liberties with a child is subject to lifetime postrelease supervision), *rev. denied* 302 Kan. 1015 (2015); *State v. Russell*, No. 107,588, 2013 WL 3867180, at *4-5 (Kan. App. 2013) (unpublished opinion) (attempted aggravated solicitation of a child is subject to lifetime postrelease supervision), *rev. denied* 299 Kan. 1273 (2014); *State v. Barrera*, No.

104,664, 2013 WL 517581, at *9 (Kan. App. 2013) (unpublished opinion) (attempted rape is subject to lifetime postrelease supervision), *rev. denied* 297 Kan. 1248 (2013). Thus, Comstock's claimed factual distinction is one without a difference. The district court did not err in imposing lifetime postrelease supervision.

Affirmed.